### STONE v. GRAYSON SHOPS, Inc.

District Court, S. D. New York.

Feb. 20, 1948.

Lazansky, Callaghan & Stout, of New York City, for plaintiff.

Poletti, Diamond, Freidin & Mackay (David Mackay and Robert Eisner, both of New York City, of counsel), for defendant.

CONGER, District Judge.

Motion by plaintiff to compel Milton Diamond to answer certain questions propounded to him upon the examination before trial of the defendant herein, which questions he refused to answer.

Mr. Diamond is an attorney and is a member of the firm of lawyers, who are attorneys of record for defendant in this action. He is also a director and the secretary of defendant corporation.

Mr. Diamond refused to answer the questions in issue on the ground that they involved an attempt directly or indirectly to pry into the files and records of defendant's counsel in this case and involved a violation of the confidential communications or series of communications between counsel and client and that the entire matter was privileged.

As to some of the questions asked, Mr. Diamond was correct in his refusal to answer.

The matter before me is centered on the refusal of Mr. Diamond to answer [for the reasons above stated] the following questions:

"Q. Now, who were the persons, firms or corporations who were engaged in selling goods to S. Klein on the Square that Mr. Stone, the plaintiff in this case, received the benefits from for his own benefit?

"Q. Do you know of any employee or agent of the Klein Company, S. Klein on the Square, who rendered personal services and supplied material and merchandise for plaintiff's own use, all at the expense and cost of the said corporation, and without compensating the said corporation therefore?"

And, of course, there would be the further question if the last question was answered in the affirmative as to the names and addresses of any such person or persons.

Plaintiff is entitled to have the information asked by the above questions. The information sought is relevant and material in connection wtih the second defense and first counterclaim in the amended answer herein.

If Mr. Diamond has the required information in his possession he should answer the questions, if he obtained this information or had it in his capacity as secretary or director of the corporation.

The real question arises here if he acquired the information as one of the attorneys for the defendant and in preparation for the trial of this case.

The question posed here is not easy of solution, neither is the answer obvious.

It is a problem that rests on what has been one of the most hazy frontiers of the discovery process. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385.

■ The question of attorney and client privilege is not involved here. I make this statement because I gathered on the argument before me that whatever information Mr. Diamond has was obtained by his law firm from third persons. The protective cloak of the privilege does not extend to this type of information which an attorney secures from a witness while acting for his client in anticipation of litigation. Hickman v. Taylor, supra.

I confess that I have always felt that a lawyer's file was inviolate and might not be delved into by his opponent. I have always been chary of granting permission to inspect a lawyer's file. I realize, however, that under our modern practice there are times when it may be done. I think that this is one of the times at least to a very limited degree. Plaintiff is entitled to this information. He has done his best to get it. He has examined the president and the comptroller of defendant. Neither of them knew anything about the particulars sought and neither knew where it could be obtained. If the information is in the possession of Mr. Diamond, the secretary and a director of defendant, I feel he should disclose it even though he may be one of defendant's attorneys.

Hickman v. Taylor, supra, does not prohibit this. In fact a close reading of that case convinces me that it indicates that the information sought here from Mr. Diamond may be ordered given.

In Hickman v. Taylor, supra, the court said [329 U.S. 495, 67 S.Ct. 385, 392]:

"We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney * * * without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice. For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking."

■ We have a different situation here. It would prejudice plaintiff's case not to have this information and would cause him hardship not to have it. Further the information sought has never been revealed to him, neither has he been able to ascertain the names of the witnesses who can make the information available to him, and again the Court said:

"Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."

Here I think we have "purported necessity or justification."

Again at page 511 of 329 U.S., at page 394 of 67 S.Ct., the Court said:

"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty.

"Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c] would be stripped of much of their meaning."

Motion granted to the extent I have indicated.

Settle order.